state of Ohio, and is constantly practiced by the Courts of Common Pleas of the state.

*Judgment affirmed and cause remanded.*

HORNBECK, P. J., and BARNES, J., concur.

GROUNDS, ET AL., APPELLEES, *v.* DEPARTMENT OF TAXATION OF STATE OF OHIO, APPELLANT.

(Decided April 1, 1940.)

*Mr. Mark Winchester,* for appellees.
*Mr. Thomas J. Herbert,* attorney general, and *Mr. W. H. Middleton,* for appellant.

LLOYD, J. The estate of George Luden, who died in Toledo on February 12, 1938, was administered in the Probate Court of Lucas county. At the time of his death he was about 75 years of age and for "a couple of years" prior to April, 1937, had lived with his brother Fred. After Fred's death, "George had no place to go" and asked Clay H. Grounds and his wife

Ruth if they "would give him board and lodging" saying that "he had a little money and $5 a week was all he could pay because he hadn't yet received his share of his brother's estate." After talking it over, the Groundses whom Luden had known for some time, agreed to comply with his request. "Around about August or September he received his money" from his brother Fred's estate and with a part thereof, $2,800, purchased lots numbered 19 and 20 in Foulke's Second Addition to the city of Toledo, this being the property wherein he was living with the Groundses, who were renters thereof. This was done on his own initiative and "a week or so" before consummating the purchase he said to Mr. and Mrs. Grounds: "If I buy this property and deed it to you folks, will you furnish me with board and lodging, and take care of me the rest of my life?" Finally, after considering the matter, they agreed to this. Thereupon Luden called and consulted his attorney, who, after learning Luden's wishes, prepared a deed, in form a warranty, containing the terms of the agreement which constituted the consideration therefor.

The deed was duly executed by Luden and delivered to the Groundses on January 10, 1938. As to the consideration, it reads:

"For the consideration of two dollars and other valuable considerations received to my full satisfaction of Clay H. Grounds and Ruth Grounds. * * * As further consideration for this deed the grantees Clay H. Grounds and Ruth Grounds are to provide grantor with board, lodging and ordinary laundry at their home, No. 135 West Foulke street, Toledo, Ohio, as long as the grantor lives, or until such time as the grantor may be required to have hospital care and attention on account of illness. If such hospital care be necessary to grantor, then he, said grantor, agrees to pay all the expenses of such additional care, including medical services, nursing services and other

hospital service. If, after having been in the hospital for a time, the grantor is able to return to his home with the grantees, then their provision of board, lodging and ordinary laundry will again be in force, and they will continue to furnish grantor with such board, lodging and ordinary laundry as above set out; the care to be furnished by grantees is made a lien upon the above described real estate."

Then follows the habendum clause and the warranty that the premises "are free from all encumbrances whatsoever except taxes and assessments due and payable from and after this date and that I will warrant and defend said premises with the appurtenances thereunto belonging to the said grantees, their heirs and assigns, against all lawful claims and demands whatsoever, except taxes and assessments due and payable from and after this date."

Clearly this deed could be set aside and voided only if there was a failure on the part of the grantees to perform the terms and conditions of the contract recited therein. That the grantees did meticulously perform the contract from the date of the deed to that of Luden's death is not denied or questioned.

On this same 10th day of January 1938, Luden had his attorney prepare a will, wherein, after directing whom he desired to act as undertaker and minister upon his death, the amount to be expended for the funeral and burial expenses and for a marker for his grave, he bequeathed and devised the rest, remainder and residue of his property, including a lot on Tiffin avenue in Findlay, to his brother John, who resides at Musette, Pennsylvania. The will was filed for probate by Clay H. Grounds, who was named executor therein. An inventory filed by him for inheritance tax purposes showed the decedent's property to be of the value of $2,151.83.

In addition to the foregoing, the Probate Court of its own volition, included therein the real estate con-

veyed by the decedent to the Groundses by the deed of January 10, 1938, and found the value thereof to be $3,400. Exceptions filed by Groundses as to the finding and order respecting the property conveyed to him and his wife having been overruled by the Probate Court, he appealed on questions of law and fact to the Court of Common Pleas, where, upon hearing duly had, the exceptions were sustained for the reason, as stated in the entry of the court, that the transfer of the property to Clay H. Grounds and Ruth Grounds "was made for the consideration, the equivalent in money or monies worth to the value of the property transferred and was not made in contemplation of death or intended to take effect at or after death."

From this judgment of the Court of Common Pleas the Department of Taxation of the state of Ohio appeals to this court on questions of law.

Clearly the finding and judgment of the Court of Common Pleas is correct and in accord with the decision and opinion of the Supreme Court in *Tax Commission* v. *Parker,* 117 Ohio St., 215, 158 N. E., 89, wherein the applicable statutes are quoted, discussed and considered.

It is insisted that because the deed and the will were contemporaneously executed and because Luden lived only 33 days thereafter, it conclusively follows that the consideration was inadequate and that the deed was made in contemplation of death. The facts evidence quite the contrary conclusion. Not all wills are made in contemplation of impending death, and in the instant case Luden was contemplating living, not dying. He was in apparent good health when the deed and will were executed. Having no relatives in Ohio, he was of his own initiative seeking to provide for himself board, lodging and care for the remainder of his life, the length of which no one knew or could foretell. Thereby he was planning to provide against the discomfort of living alone, without obligation on

the part of any one to give him the attention and incidental necessities that living requires. Simply because he died sooner than was expected or anticipated, would not make inadequate the consideration which, had he lived for two years thereafter, would not have presumptively been so. Nor would this fact alone or the simultaneous execution of the deed and the will definitely determine that the deed was "made in contemplation of death." The conveyance of the property was not, and was not intended to be a gift. It was strictly a business arrangement for a specifically designated purpose.

As already indicated, this court concludes that the property conveyed to Clay H. and Ruth Grounds was not taxable under the provisions of Section 5332, General Code, and the judgment of the Court of Common Pleas therefore is affirmed.

*Judgment affirmed.*

CARPENTER and OVERMYER, JJ., concur.